# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | |
|---|---|
| **WILLIE LEE BROWN**, | : |
| | : |
| **Plaintiff,** | : |
| v. | : |
| | : |
| | :  5:04-cv-278 (CAR) |
| **Judge LUKEMIRE, Dispatch Officer** | : |
| **BOB PEEK, and Probation Officer** | : |
| **TODD SHAPPER,** | : |
| | : |
| **Defendant.** | : |

## *ORDER ON PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL*

Before the Court is Plaintiff's Motion for the Appointment of Counsel. [Doc. 12]. In this case, Plaintiff's claim, a § 1983 case, was dismissed pursuant to 28 U.S.C. § 1915(e)(2) by an Order of this Court dated September 30, 2004. [Doc. 5]. The Court set forth two alternative reasons, either of which standing alone was sufficient for its decision: (1) Plaintiff did not demonstrate that he had appealed his probation revocation in state courts or that his revocation proceeding had been reversed, set aside, expunged, or called into question by a writ of habeas corpus; and (2) Plaintiff's claims were patently invalid. Plaintiff has sent five letters to the Court since his case was dismissed, and the Court construes these as motions for reconsideration. [Docs. 7, 8, 9, 10, 11]. Now, through his Motion for the Appointment of Counsel, Plaintiff requests that the Court appoint counsel to represent him in this case. Plaintiff, however, has no case for which the Court could

appoint an attorney, because Plaintiff's case was dismissed pursuant to the September 30, 2004 Order.

Secondly, "[a]ppointment of counsel in a civil case is not a constitutional right." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) (citing Mekdeci v. Merrell National Laboratories, 711 F.2d 1510, 1522 n. 19 (11th Cir. 1983)). Rather, "it is a privilege that is justified only by exceptional circumstances." Id. (citing Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982)).

In the case at bar, Plaintiff complains that the case is complex and that he does not have adequate access to legal research materials. Though the Court can sympathize with Plaintiff's apparent hardships, he has not shown the existence of exceptional circumstances necessary to justify the appointment of counsel in a civil case. See Wahl v. McIver, 773 F.2d at 1174 (finding that exceptional circumstances were not established where essential facts and legal doctrines were ascertainable without assistance of court-appointed counsel). Accordingly, Plaintiff's Motion for Appointment of Counsel is **HEREBY DENIED**.

**SO ORDERED**, this 26th day of April, 2005.

**s/ C. ASHLEY ROYAL**
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

LTH/MC/jec